**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

_____
                                )
JAMES V. WHITTAKER,             )
                                )
        Plaintiff,              )
                                )
v.                              )   Civil Action No. 05-580
                                )
ECHINA CASH, INC.,              )
                                )
        Defendant.              )
_____)

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss or to Transfer Venue to the Central District of California. Plaintiff's Motion for Judgment alleges that Plaintiff entered into several agreements with Defendant whereby Plaintiff would perform certain consulting services. Plaintiff claims that he performed his contractual obligations, but Defendant has failed to pay Plaintiff for his services. The Motion for Judgment alleges one count for breach of contract and a second count for breach of implied contract. Plaintiff seeks $263,722.50 in compensatory damages plus fees and costs.

Defendant removed the case to this Court based on diversity jurisdiction, because Plaintiff is a Virginia resident and Defendant is a corporation that was incorporated in Delaware with its principal place of business in California and the amount in controversy is over $75,000.00. Defendant now seeks to dismiss

the case because this Court lacks personal jurisdiction or alternatively to transfer the case to a court that is more convenient, namely the Central District of California.

The United States Constitution restricts a federal district court's exercise of personal jurisdiction through Article III and the Due Process Clause in the Fifth Amendment. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997). In order to comport with the Due Process Clause, a court must find that its assertion of jurisdiction satisfies a two step inquiry. First, a court must determine whether the defendant's activity in the forum state falls within the purview of the relevant long-arm statute. Id. Second, a defendant must have minimum contacts with the forum state such that the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Courts have established that the reach of Virginia's long-arm statute is coterminous with the constitutionally permissible limits of the Due Process Clause of the Fifth Amendment. Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Consequently, a constitutional analysis will prove determinative on the question of this Court's exercise of jurisdiction in the instant case. For the purposes of determining personal jurisdiction in a motion to dismiss, a court "must construe all relevant pleading allegations in the light

most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

In evaluating a defendant's minimum contacts with the forum state, courts have traditionally examined three factors. Courts look must consider the extent to which the defendant has "purposefully availed [himself] of the privileges of conducting business within the forum state, thus invoking the benefits and protections of its laws." Int'l. Shoe Co., 326 U.S. at 319. A court must further consider whether plaintiff's claims arose out of defendant's activities directed at the forum state, and finally whether the exercise of jurisdiction would be reasonable, that is, whether the defendant could reasonably "expect to be haled into court in the forum state." Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 216 (4th Cir. 2001).

Defendant's contacts with the Commonwealth of Virginia are more than sufficient to satisfy the requirements in both Virginia's long-arm statute and the Constitution. Defendant solicited Plaintiff in Virginia to perform services for them. Proposals were sent back and forth between Defendant in California and Plaintiff in Virginia. Defendant also held a Board of Directors' meeting in Virginia and invited Plaintiff to make a presentation concerning his work and the results of his studies

on management of Defendant company. Because of these activities, the Court finds that Defendant purposefully availed itself of the privileges of conducting business within Virginia. Second, Plaintiff's claims arise out of the above activities. Finally, based on these activities, Defendant could reasonably expect to be haled into court in Virginia. The Court finds, therefore, that Defendant has made sufficient contacts with Virginia so as not to offend traditional notions of fair play and substantial justice and its Motion to Dismiss for lack of personal jurisdiction should be denied.

The decision to transfer a matter to another district is committed to the discretion of the district court. 28 U.S.C. § 1404(a) (1993); In re Ralston Purina, 726 F.2d 1002, 1005 (4th Cir. 1984). In ruling on a motion to transfer venue under Section 1404(a), the Court must consider the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a).

Defendant asks the Court to transfer this case, because many of its party and non-party witnesses are California residents, Defendant's counsel resides in California, and there is a nexus to the instant suit because Defendant transacts business in California. The Court finds, however, that it is no more convenient to litigate in California than it is in Virginia, and if the Court transferred this case it would simply shift the inconvenience from the Defendant to the Plaintiff. Moreover,

Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel are located in Virginia, and Plaintiff is entitled to some deference with respect to forum selection. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss or to Transfer is DENIED.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 8, 2005